Filed 4/20/15  P. v. Amezcua CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME MENDEZ AMEZCUA,<br><br>    Defendant and Appellant. | 2d Crim. No. B258312<br>(Super. Ct. No. 2011024581)<br>(Ventura County) |

After the denial of his motion to suppress evidence (Pen. Code, § 1538.5),[1] appellant Jaime Mendez Amezcua pleaded guilty to two counts of driving under the influence (DUI) with a prior DUI felony conviction.  (Veh. Code, §§ 23550.5, subd. (a)(1), 23152, subd. (a).)  Appellant admitted one prior prison term (§ 667, subd. (b)) and one prior serious or violent felony conviction ("strike") within the meaning of California's "Three Strikes" law.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  The trial court dismissed the strike and sentenced appellant to prison for five years, eight months.

Appellant contests the validity of his conviction on only one of the two counts: count 1, committed in July 2011.  He argues that the trial court erroneously denied his motion to suppress the results of a test of his blood.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Facts*

At 2:15 a.m. on July 9, 2011, Officer Rolando Tejeda was dispatched to the scene of a vehicular collision. A Ford Mustang had struck a utility pole and chain link fence. The utility pole had fallen on the Mustang. Both front airbags had deployed. Two persons - Denise Lopez and appellant - were standing nearby. Lopez told Tejeda that she had been driving the vehicle. She said that appellant had stopped to help her and that she did not know him.

Appellant told Officer Tejeda that Lopez was his girlfriend. He was a passenger in a friend's vehicle that had been following Lopez's Mustang. When the Mustang collided with the utility pole and fence, "his friend dropped him off and left the collision scene." Tejeda requested the name of the friend, but appellant did not reply.

Officer Tejeda noticed that a Blackberry phone on the driver's side floorboard of the Mustang appeared to match an empty phone case that was strapped to appellant's belt. But the position of the driver's seat "was consistent with someone of a short stature," and appellant was about six feet tall.

Appellant displayed symptoms of intoxication: an "odor of alcohol, red watery eyes, . . . unstead[iness] on his feet, and slurred speech." Officer Tejeda tried to conduct a field sobriety test, but appellant took "a combative stance" and refused to cooperate.

Officer Tejeda concluded that appellant, not Lopez, was the driver of the Mustang and was under the influence of alcohol. Tejeda arrested appellant and advised him that he was required to submit to a chemical test of his blood or breath. Appellant "did not answer."

The police communications center informed Officer Tejeda that appellant was on parole. Tejeda transported him to the Ventura County Medical Center. There, appellant refused to consent to a chemical test of his blood or breath. Four officers restrained appellant while a nurse drew blood from his arm. During the procedure,

appellant was on the floor. Tejeda testified that appellant "constantly was yelling and moving and attempting for us not to get that blood sample."

Appellant's parole agent testified that, pursuant to the conditions of his parole, appellant was "subject to search and seizure [at] any time of the day or night, with or without a search warrant, with or without cause by any law enforcement or peace officer."

*Standard of Review*

"We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. [Citation.]" (*People v. Glaser* (1995) 11 Cal. 4th 354, 362.)

*Discussion*

In *People v. Jones* (2014) 231 Cal.App.4th 1257, 1265, 1267-1268, the court held that a warrantless blood draw falls within the scope of a search-and-seizure condition of parole, probation, or post-release community supervision (PRCS), so long as the blood draw is not arbitrary, capricious, or harassing. The reasoning of *Jones is* persuasive. "When parole or probation searches are involved, the balance struck between individual interest and government necessity is implicit in the determination that a 'warrantless search condition is a reasonable term' in a parole or probation agreement. [Citations.] [¶] . . . When involuntary search conditions are properly imposed, reasonable suspicion is no longer a prerequisite to conducting a search of the subject's person or property. Such a search is reasonable within the meaning of the Fourth Amendment as long as it is not arbitrary, capricious or harassing." (*People v. Reyes* (1998) 19 Cal. 4th 743, 752; see also *People v. Schmitz* (2012) 55 Cal. 4th 909, 916 ["Both we and the United States Supreme Court have concluded that [warrantless and suspicionless parole] searches are reasonable, so long as the parolee's status is known to the officer and the search is not arbitrary, capricious, or harassing"].)

3

The defendant in *Jones* was subject to search and seizure without consent pursuant to a condition of PRCS, which "is similar to parole." (*People v. Jones, supra*, 231 Cal.App.4th at p. 1266.) In upholding the warrantless blood draw in *Jones*, the court declared, "Far from being arbitrary or even absent reasonable suspicion, the search here was conducted on unquestioned probable cause to believe that Jones had been involved in an accident causing injury while intoxicated." (*Id.*, at p. 1267.)

Appellant does not dispute the holding of *Jones.* His sole contention on appeal is that his blood draw "was arbitrary, capricious, and harassing" because "[t]here was absolutely no evidence presented . . . to support the officer's belief that Appellant was the driver of the vehicle." Appellant notes that he is six feet tall, but the driver's seat was positioned for a person of short stature. Furthermore, Lopez said that she had been driving the Mustang at the time of the collision. Appellant argues: "Unlike *Jones*, there was no evidence presented for the officer to reasonably suspect that Appellant was the driver[;] therefore, there was no legal purpose for the blood draw."

Appellant's warrantless blood draw was not arbitrary, capricious, or harassing. Officer Tejeda had reason to believe that Lopez was covering up for appellant when she claimed to be the driver of the Mustang. Lopez told Tejeda that she did not know appellant, but appellant said that Lopez was his girlfriend. Appellant declared that a friend in another vehicle had "dropped him off and left the collision scene." But this explanation for appellant's presence was unconvincing. Appellant refused to disclose the friend's name to Tejeda. Moreover, because appellant and Lopez needed help, it is unlikely that a friend would have abandoned them. It was 2:00 in the morning, and they were unable to drive away because a utility pole had fallen on the Mustang and the front airbags had deployed. Finally, a Blackberry phone on the driver's side floorboard of the Mustang appeared to match an empty phone case that was strapped

4

to appellant's belt.  The evidence therefore supported a reasonable inference that appellant was the driver of the Mustang.

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

Nancy Ayers, Judge

Superior Court County of Ventura

_____

Angelina Lane, under appointment by the Court of Appeal, for Deendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Jason C. Tran, Supervising Deputy Attorney General, Taylor Nguyen, Deputy Attorney General, for Plaintiff and Respondent.